INDUSTRIAL TRUST CO., Trustee *vs.* JOHN T. BENNETT *et al.*

FEBRUARY 11, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)* *Wills.* *"Children."*

The word "children" as it is ordinarily used in a will, means immediate descendants, that is of the first generation, and does not include grandchildren unless it is necessary to give it that meaning in order to give effect to the will or unless the testator has clearly shown by other language in the will that he does not use the word in its ordinary sense but intends it to have a more extended signification.

*(2)* *Wills.* *"Children."*

Under the testamentary provision construed:—

*Held,* that the word "children" was used in its ordinary meaning

BILL IN EQUITY for construction of will. Certified under cap. 289, § 35.

RATHBUN, J. This is a bill in equity for the construction of the will of the late Elizabeth Dunn. The cause was certified to this court in accordance with the provisions of Section 35, Chapter 289, General Laws, 1909. The bill was taken *pro confesso* against respondent Mary A. Bennett. Respondents John T. Bennett and Elizabeth D. Carman filed a joint answer admitting the truth of the allegations in the bill and joined in the prayer for construction. An answer submitting the interests of minors Patricia Bennett and Elbert L. Bennett to the care and protection of the court was filed by their guardian *ad litem.*

The portion of the will material for our consideration is as follows: "To my said brother Thomas Dunn I give and bequeath all moneys, investments and securities of every name and nature to be held by him in trust to invest and keep invested the same as safely and profitably as may be, and to pay and apply the net rents, income and profits thereof to and for the use of my sister Anna Dunn Bennett for and during her natural life, for her sole separate use and upon her own receipt, free from the debts interference and control of her present and of every future husband of hers, and

without any power in her to alienate or charge any of the same by way of anticipation or otherwise; and from and after the death of my said sister, to pay and apply the said rents, income and profits to and for the education and maintenance of my said sister's children until the youngest of them shall have attained the age of twenty-one years; and then to pay and convey the principal or capital of said trust property absolutely and in fee simple and in equal shares to the said children discharged from every trust hereof. And should my said sister's children all die before her or before attaining said age of twenty-one, then upon the decease of said Anna and her children my said trustee shall pay and convey the whole of said trust property to my heirs at law and distributees according to the present statutes of Rhode Island prescribing and regulating the decent and distribution of the estates of those who die intestate."

Thomas Dunn having resigned, the Industrial Trust Company was duly appointed trustee in his stead under said will. Anna Dunn Bennett, the life beneficiary, had four children and deceased leaving surviving her two children, respondents John T. Bennett and Elizabeth D. Carman, both of full age. A son Elbert A. Bennett deceased before his mother, leaving one child, respondent Patricia Bennett. Another son, Robinson P. D. Bennett, deceased before his mother, leaving two children, respondents Mary A. Bennett and Elbert L. Bennett.

The life beneficiary having deceased and each of her children having attained the age of twenty-one years, the trustee is now ready to distribute the principal of said trust in accordance with the clause above quoted from said will, and being uncertain whether the word "children" in said clause should be construed literally or construed to include the children of the deceased children of the life beneficiary, the trustee asks that it be advised: (a) Whether under said trust and in view of the decease of said Anna Dunn Bennett, it shall distribute the entire trust estate in equal shares to

the only two *children* who survive said Anna Dunn Bennett, namely, the respondents John T. Bennett and Elizabeth D. Carman? (b) Whether the respondents Patricia Bennett, Mary A. Bennett and Elbert L. Bennett, grandchildren of Anna Dunn Bennett, shall participate in the distribution of said trust estate and, if so, in what proportions?

(1)    This court in numerous decisions has held that "the word children as it is ordinarily used in a will means immediate descendants, that is, of the first generation. It does not include grandchildren unless it is necessary to give it that meaning in order to give effect to the will, or unless the testator has clearly shown by other language in his will that he does not use the word in its ordinary sense, but intends it to have a more. extended signification." *Williams* v. *Knight,* 18 R. I. 336. See also *Tillinghast* v. *D'Wolf,* 8 R. I. 69; *Tillinghast* v. *Andrews,* 11 R. I. 84; *Re Will of Isaac Reynolds,* 20 R. I. 429; *Tiffany* v. *Emmet,* 24 R. I. 411; *Eddy* v. *Mathewson,* 32 R. I. 53; *Crowell* v. *Rose,* 38 R. I. 93.

Not only does the will contain no language indicating an intention on the part of the testatrix to use the word "children" in other than its ordinary meaning, but from the language of the will it is clear that the testatrix did not intend the grandchildren of the life beneficiary Anna Dunn Bennett should take except as "heirs at law and distributees" of the testatrix in the event that no child of Anna Dunn Bennett survived her and attained the age of twenty-one years.

(2)    Our decision is that the respondents John T. Bennett and Elizabeth D. Carman are entitled in equal shares to the whole of said trust estate and the complainant is advised accordingly.

The complainant may present a decree in accordance with this opinion.

*Huddy, Emerson & Moulton,* for complainant.

*Harvey A. Baker,* for respondents, John T. Bennett, Elizabeth D. Carman.

*Cooney & Cooney,* for minor respondents.